LOIS H. MORRISON
*vs.*
WILLIE J. JACKSON

Penobscot.  Opinion, January 9, 1957.

*M. A. Beverage,* for plaintiff.

*Oscar Walker,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, JJ.  DUBORD, J., did not sit.

WEBBER, J.   In this case the plaintiff in equity asserts the fraudulent alteration of a deed given by her to the defendant.  The effect of alteration was to give the defendant more property than he asked to buy, more than the plaintiff contracted to sell, and in fact more than the deed purported to describe and convey before its alteration.  The defendant denied the accusation.  The testimony of experts on ink eradication was inconclusive.  Here was a typical factual issue to be determined by a fact finder who had opportunity to listen to the witnesses and observe their demeanor.  The credibility of witnesses was determinative of the factual issues.  There were straws in the wind blowing in the direction favorable to and corroborative of plaintiff's version.  The justice below found for the plaintiff and ordered appropriate relief.  The record affords ample support for his determination.

The defendant has inserted into the case by pleading and argument the suggestion that a grantee of the plaintiff engaged in litigation with the defendant in which the issues here presented were determined.  As matters stand, however, the issue of estoppel by judgment is not before us.  No effort was made to introduce into evidence anything which might support defendant's contention.  We do not find in the record before us the pleadings in any other case, the docket entries, or any other evidence which would inform us as to the identity of the litigating parties, the issues therein determined, the connection of the present plaintiff as party or privy or whether the judgment therein ever became final.  The proof of such an affirmative defense as *res judicata* cannot rest on conjecture and surmise.  The record must disclose the essential elements of proof.

The entry will be

*Appeal denied.*

*Decree below affirmed, with additional costs.*